**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KATRINA L. WEBSTER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HUNG CAO,**[1]<br>*in his official capacity as*<br>*Acting Secretary of the Navy,*<br><br>**Defendant.** | **Case No. 26-cv-00754 (APM)** |

**MEMORANDUM OPINION AND ORDER**

**I.**

Plaintiff Katrina Webster has been employed as a secretary with the United States Navy's Strategic Systems Programs since June 12, 1998. Compl., ECF No. 1, ¶¶ 4, 46. She brings this action pro se against the Acting Secretary of the Navy, in his official capacity, alleging violations of Title VII and the Rehabilitation Act arising from retaliatory conduct and the Navy's refusal to accommodate her medical condition. *See generally* Compl. Defendant now moves to dismiss. *See generally* Def.'s Mot. to Dismiss, ECF No. 15 [hereinafter Def.'s Mot.]. For the reasons that follow, Defendant's motion is granted in part and denied in part.

**II.**

To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes the current Acting Secretary of the Navy as the defendant in this case.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must accept a plaintiff's factual allegations as true and "construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). The court need not, however, "accept inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint." *Langeman v. Garland*, 88 F.4th 289, 294 (D.C. Cir. 2023) cleaned up). "[A] pro se plaintiff's complaint must be held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Spence v. U.S. Dep't of Veterans Affs.*, 109 F.4th 531, 537–38 (D.C. Cir. 2024) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

**III.**

The court notes at the outset that Plaintiff has litigated several civil suits related to the conduct described in her complaint. *See Webster v. Del Toro*, No. 23-cv-2716 (APM), 2024 WL 4362127 (D.D.C. Sept. 30, 2024); *Webster v. Del Toro*, 49 F.4th 562 (D.C. Cir. 2022); *Webster v. Braithwaite*, No. 20-cv-0610 (DLF), 2020 WL 7340058 (D.D.C. Dec. 14, 2020); *Webster v. Spencer*, No. 17-cv-1472 (DLF), 2020 WL 2104231 (D.D.C. May 1, 2020). The court will not consider claims in the instant complaint that have been previously litigated to a final judgment on the merits and are therefore barred by res judicata. *See, e.g.*, *Porter v. Shah*, 606 F.3d 809, 813–14 (D.C. Cir. 2010) (affirming dismissal of retaliation claims as precluded).

The complaint presently before this court is difficult to parse, but the parties largely agree that Plaintiff claims retaliation and retaliatory hostile work environment under Title VII and failure to accommodate and retaliation under the Rehabilitation Act. *See* Def.'s Mot. at 14–22; Pl.'s Opp'n

to Def.'s Mot. to Dismiss, ECF No. 17 [hereinafter Pl.'s Opp'n], at 3. The court takes each claim in turn.

**A.**

"To state a claim for retaliation under Title VII . . . , a plaintiff must plausibly allege that (1) she engaged in statutorily protected activity, (2) she suffered a materially adverse action by [her] employer, and (3) the two are causally connected." *Spence*, 109 F.4th at 539 (cleaned up). Here, Plaintiff alleges retaliation based on the unconsented disclosure of her protected equal employment opportunity (EEO) activity, resulting in "denial of awards, altered working conditions, and negative performance actions." Pl.'s Opp'n at 8; Compl. ¶ 151.

To start, the parties dispute whether Plaintiff properly exhausted her retaliation claim. *See* Def.'s Mot. at 17–18; Pl.'s Opp'n at 4–6. A federal employee seeking relief under Title VII must first exhaust administrative remedies by "present[ing] a 'charge' or 'complaint' of discrimination or retaliation to the employing agency before pressing it in court." *Webster v. Del Toro*, 49 F.4th at 566; *see also* 42 U.S.C. § 2000e-16(c). Plaintiff appears to allege two separate unauthorized disclosures of her protected activity, one in 2017 and the other in 2022.[2] *See* Compl. ¶¶ 58, 22. Plaintiff has attempted to litigate the 2017 disclosure twice before. *See Webster v. Braithwaite*, No. 20-cv-0610 (DLF), 2020 WL 7340058, at *3 n.3, *4 n.4; *Webster v. Del Toro (Del Toro II)*, No. 23-cv-2716 (APM), 2024 WL 4362127, at *2 (discussing retaliation-by-disclosure claim relying on EEO complaint No. 17-00030-01579). In *Webster v. Braithwaite*, another judge of this District Court declined to construe Plaintiff's complaint to state a retaliation claim based on the 2017 disclosure and dismissed that claim on the merits. *See* 2020 WL 7340058, at *3 n.3,

[2] Where Plaintiff's allegations do not specify date ranges of allegedly retaliatory conduct by Defendant, it is difficult to discern which allegations in the complaint relate to which disclosure incident. *See, e.g.*, Compl. ¶¶ 22, 46, 53, 58–60.

*4 n.4. Plaintiff appealed that decision, and both parties moved for summary disposition before the D.C. Circuit. *Webster v. Del Toro*, 49 F.4th at 565. A motions panel denied Plaintiff's motion and granted Defendant's motion as to all claims except her retaliation-by-disclosure claim. *Id.*; *Webster v. Del Toro*, No. 21-5040, 2021 WL 6102269 (D.C. Cir. Dec. 15, 2021). The merits panel then affirmed dismissal of that remaining claim for failure to exhaust. *Webster v. Del Toro*, 49 F.4th at 569. But the D.C. Circuit modified the order of dismissal to be without prejudice. *Id.* n.3. The court "express[ed] no opinion on whether Webster may still pursue that claim administratively." *Id.* Plaintiff then filed another suit, also styled *Webster v. Del Toro* (*Del Toro II*), which was assigned to this court. Plaintiff again asserted retaliation based on the 2017 disclosure. *Del Toro II*, 2024 WL 4362127, at *2. This court dismissed for failure to exhaust, explaining that following the D.C. Circuit's decision, "Plaintiff ha[d] not cured the failure to exhaust, nor [did] she purport to rely on a different EEO complaint." *Id.*

Simultaneously, Plaintiff pursued her 2017 retaliation-by-disclosure claim before the Equal Employment Opportunity Commission (EEOC). The EEOC found that her claim "was properly before [it] based on her timely request to reinstate her complaint after the [D.C. Circuit] dismissed the claim without prejudice and because the District Court again dismissed the claim without prejudice." Def.'s Mot., Ex. 4., ECF No. 15-4, at 7; *see also id.* at 1 (referring to EEO complaint No. 17-00030-01579). The EEOC accordingly reinstated Plaintiff's disclosure claim "at the point where processing stopped." *Id.* The court therefore agrees with Plaintiff that her 2017 retaliation-by-disclosure claim is now administratively exhausted. *See* Pl.'s Opp'n at 4–6; *see also Ransom v. Mayorkas*, No. 24-cv-692 (RC), 2025 WL 947514, at *8 (D.D.C. Mar. 28, 2025) ("A dismissal of a complaint for failure to exhaust administrative remedies does not preclude

a plaintiff from bringing another suit after they have exhausted administrative remedies." (citing *Murthy v. Vilsack*, 609 F.3d 460, 466 (D.C. Cir. 2010)).

As for the alleged 2022 disclosure, the Navy issued a final decision on the EEO complaint underlying that claim in 2024. Def.'s Mot., Ex. 6, ECF No. 15-6 [hereinafter Def.'s Ex. 6], at 1 (referring to EEO complaint No. 23-00030-00033). The EEOC subsequently affirmed the Navy's final decision and denied Plaintiff's request for reconsideration. *See* Def.'s Mot., Ex. 7, ECF No. 15-7, at 14; Def.'s Mot., Ex. 8, ECF No. 15-8, at 1. Plaintiff's 2022 retaliation-by-disclosure claim is therefore also properly exhausted. *See Crawford v. Duke*, 867 F.3d 103, 105 (D.C. Cir. 2017) (explaining Title VII exhaustion procedures for federal employees).

On the merits, Plaintiff alleges the improper disclosure of her EEO activity resulted in, for example, "numerous non-selections for promotions," Compl. ¶¶ 14, 46; cancellation of her telework agreement and denial of her request for continued telework, *id.* ¶¶ 23, 77, 95–100; downgraded performance appraisals, *id.* ¶¶ 78, 82, 108; and unfavorable compensation decisions, *id.* ¶¶ 86–87, 94. Defendant does not dispute that Plaintiff engaged in protected activity, and at this early stage, construing the pro se complaint liberally, the court is not prepared to find that Defendant's alleged adverse actions were not material as a matter of law. *See* Def.'s Mot. at 19–20 (arguing that allegations relating to poor reviews and denial of awards were not sufficiently pleaded as adverse). Further, if true, the court finds Plaintiff's allegations regarding the temporal proximity between the disclosures and the allegedly retaliatory conduct plausibly demonstrates a causal connection at this stage. The court therefore will deny Defendant's motion with respect to Plaintiff's Title VII retaliation claim (Count I).

**B.**

The court next turns to Plaintiff's retaliatory hostile work environment claim. First, some table-setting. Plaintiff's complaint is scattered with allegations preceding her 2022 EEO complaint. To the extent Plaintiff relies on these allegations as discrete disparate treatment claims, the court cannot consider them because they are barred by res judicata. *See Del Toro II*, 2024 WL 4362127, at *2 (declining to consider Plaintiff's failure-to-promote theory, allegedly hostile comments, and challenge to the Navy's antiharassment policy on preclusion grounds).[3] The court also agrees with Defendant that Plaintiff cannot rely on the conduct alleged in her 2025 EEO complaint, No. 25-00030-00517, to support a hostile work environment claim because she did not exhaust the claim. *See* Def.'s Mot. at 15–16; Def.'s Mot., Ex. 9, ECF No. 15-9 [hereinafter Def.'s Ex. 9] at 1 (final agency decision not addressing any asserted hostile work environment claim).[4] The conduct the court *can* consider is that contained in her 2022 EEO complaint, No. 23-00030-00033, that is, the acts that are the basis for her Title VII retaliation claim. Still, even construing her civil complaint liberally, the court finds Plaintiff's allegations cannot sustain a hostile work environment claim.

To establish a hostile work environment, Plaintiff must show that her employer subjected her to "'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'" *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S.

---

[3] *See also Spencer*, 2020 WL 2104231, at *2–4, *7–12 (granting summary judgment to Defendant on racial discrimination, retaliation, and hostile work environment claims surrounding denial of promotions, bonuses, and awards from 2010–2015), *aff'd in part sub nom. Webster v. Braithwaite*, No. 20-5187, 2020 WL 10056382 (D.C. Cir. Nov. 20, 2020); *Webster v. Braithwaite*, 2020 WL 7340058, at *2–4 (explaining retaliation based on failure to promote is barred by res judicata and dismissing discrimination and hostile work environment claims surrounding the alleged comments and anti-harassment policy), *aff'd in part sub nom. Webster v. Del Toro*, No. 21-5040, 2021 WL 6102269 (D.C. Cir. Dec. 15, 2021).

[4] Even if the court were to consider these allegations, Plaintiff still would not make out a plausible hostile work environment claim for the reasons explained below.

17, 21 (1993)). "[A] hostile work environment can amount to retaliation under Title VII if the conduct meets that standard." *Baird v. Gotbaum*, 662 F.3d 1246, 1250 (D.C. Cir. 2011) (internal quotation marks omitted). The conduct at issue in Plaintiff's 2022 EEO complaint does not amount to "intimidation, ridicule, or insult," *Baloch*, 550 F.3d at 1201 (internal quotation marks omitted), but rather are managerial and compensation decisions. *See* Compl. ¶¶ 18–25; Def.'s Ex. 6 at 1–2. Nor is the alleged conduct "severe or pervasive." *Baloch*, 550 F.3d at 1201 (quoting *Harris*, 510 U.S. at 21); *see* Def.'s Ex. 1 at 2; Def.'s Ex. 6 at 1–2. And although the alleged 2022 disclosure of Plaintiff's protected activity is plausibly meritorious as a discrete retaliation claim, that allegation alone cannot sustain a hostile work environment claim. Accordingly, this court will dismiss that claim (Count II).

**C.**

Defendant also seeks dismissal of Plaintiff's Rehabilitation Act claims. *See* Def.'s Mot. at 21–22.[5] The court begins with the alleged denial of reasonable accommodation. "The Rehabilitation Act incorporates provisions of the [Americans with Disabilities Act] that require employers to 'make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'" *Menoken v. Dhillon*, 975 F.3d 1, 7 (D.C. Cir. 2020) (cleaned up and quoting 42 U.S.C. § 12112(b)(5)(A) (incorporated by reference in 29 U.S.C. § 91(f))). To state a failure-to-accommodate claim, a plaintiff must allege

---

[5] Defendant's motion argues for dismissal of a retaliation claim under the Rehabilitation Act and a separate failure-to-accommodate claim, insofar as Plaintiff asserts both. Def.'s Mot. at 21–22. In her opposition, Plaintiff clarifies that "Count III independently alleges disability discrimination through failure to provide an effective reasonable accommodation," Pl.'s Opp'n at 10–11 (citing Compl. ¶¶ 159–67), and that, "[t]o the extent Count III also asserts retaliation based on separate performance or other materially adverse actions, that theory should be analyzed separately from the accommodation denial itself" and "[a]t minimum, the independent failure-to-accommodate claim should remain," *id.* at 12. Construing Plaintiff's complaint liberally, the court will assume she brings both a retaliation claim and a claim for failure-to-accommodate. *See, e.g.*, *Murphy-Holman v. Wash. Metro. Area Transit Auth.*, No. 25-cv-00732 (ZMF), 2026 WL 2198916, at *1 (D.D.C. July 30, 2026) (construing pro se plaintiff's allegations to "assert two theories of negligence").

that "(1) [she] is disabled, (2) the employer knew of the disability, and (3) the employer denied [her] request for a reasonable accommodation." *Qashu v. Rubio*, 172 F.4th 28, 33 (D.C. Cir. 2026).

Defendant argues that Plaintiff's allegations "are plainly too conclusory to plausibly state a claim" for failure-to-accommodate. Def.'s Mot. at 22. The court disagrees. Plaintiff alleges that she is a "qualified individual" within the meaning of the Rehabilitation Act, 42 U.S.C. § 12112(a), because she has "undergone multiple reconstructive shoulder surgeries resulting in substantial limitations on major life activities, including lifting, commuting, and performing manual tasks," Compl. ¶ 160. She further alleges that "Defendant was aware of Plaintiff's disability and medical limitations, as Plaintiff provided medical documentation and engaged in the reasonable accommodation . . . process," and that Defendant "rescinded approval of Plaintiff's full-time telework and compelled Plaintiff to return to in-person work, despite ongoing medical restrictions[,]" in February 2025. *Id.* ¶¶ 161, 163. In its 2025 final agency decision, the Navy determined that Plaintiff's "requests for leave and telework due to her shoulder injury[] were requests for reasonable accommodation" and found that Plaintiff's February 2025 "request for full-time telework due to her medical condition was a request to continue her previously approved accommodations." Def.'s Ex. 9 at 24. And Plaintiff clearly alleges that Defendant denied her that request by "rescind[ing] approval of Plaintiff's full-time telework and compell[ing] Plaintiff to return to in-person work." Compl. ¶ 163. These allegations satisfy Plaintiff's burden at the pleading stage.

That Defendant offered an alternative accommodation in the form of "[n]o requirement of lifting more than 10 pounds" and "[f]lexible use of leave for medical needs with prior supervisory approval" does not change the court's conclusion. Def.'s Ex. 9 at 25 (internal quotation marks omitted). Whether Plaintiff's requested accommodation and the offered alternative were

reasonable "is typically an inappropriate inquiry at the motion to dismiss stage," so the court will not engage in that analysis. *See Pappas v. Dist. of Columbia*, 513 F. Supp. 3d 64, 96–97 (D.D.C. 2021) (declining to determine the reasonableness of an accommodation request at the motion to dismiss stage); *Hodges v. Dist. of Columbia*, 959 F. Supp. 2d 148, 155 (D.D.C. 2013) (declining to address the reasonableness of an offered alternative accommodation at the motion to dismiss stage).

As for Plaintiff's retaliation claim under the Rehabilitation Act,[6] she relies on the same retaliatory allegations underlying her Title VII claim. *See* Def.'s Mot. at 21–22; Pl.'s Opp'n at 12. For the same reasons as explained with respect to her Title VII claim, the court finds Plaintiff has plausibly alleged retaliation under the Rehabilitation Act.

The court will therefore deny Defendant's motion to dismiss as to Count III.

**IV.**

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 15, is granted with respect to the hostile work environment claim (Count II) and denied with respect to the Title VII retaliation and Rehabilitation Act claims (Counts I and III, respectively).

Dated: November 24, 2026

Amit P. Mehta
United States District Judge

[6] The Rehabilitation Act "prohibit[s] retaliation for engaging in protected activity" and "incorporates by reference the retaliation provision[] . . . of the ADA." *Shinabargar v. Bd. of Trustees of Univ. of Dist. of Columbia*, 164 F. Supp. 3d 1, 16 (D.D.C. 2016). To succeed on a claim under that provision, the "plaintiff must show (1) she engaged in a protected activity, (2) the defendant took a materially adverse action against her, and (3) there was a causal connection between the protected activity and the adverse action." *Id.* (internal quotation marks omitted).